LEWIS, CLIFTON & NIKOLAIDIS, P.C.
Louie Nikolaidis, Esq. (LN5979)
275 Seventh Avenue, Suite 2300
New York, NY 10001-6708
Telephone: (212) 419-1500
Attorneys for Plaintiff Ainsley Stewart

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

AINSLEY STEWART,

                        Plaintiff,

-against-

TRANSPORT WORKERS UNION OF GREATER
NEW YORK, LOCAL 100, TRANSPORT WORKERS
UNION OF AMERICA, AFL-CIO,

                        Defendant.
-----------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

Civil Action No.
06 Civ 1743 (KMK)

Plaintiff Ainsley Stewart, by his attorneys, Lewis, Clifton & Nikolaidis, P.C., as and for his Complaint against defendant, alleges as follows:

**NATURE OF THE ACTION**

1.     Plaintiff Ainsley Stewart brings this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FSLA" or "the Act"), the New York Labor Law § 190 et seq. and New York common law.  He seeks relief against defendant Transport Workers Union of Greater New York, Local 100, Transport Workers Union of America, AFL-CIO ("Local 100") for willful violations of his right to receive wages and overtime pay.

## JURISDICTION AND VENUE

2.     This court has jurisdiction pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

3.     This court has supplemental jurisdiction over the New York State Labor Law and New York common law claim, pursuant to 28 U.S.C. § 1367(a).

4.     The employment policies and practices alleged to be unlawful herein were committed within the geographic jurisdiction of the United States District Court for the Southern District of New York.  Venue is appropriate because Local 100 is authorized to conduct and is conducting business, and has its principal place of business, in the County of New York.

## PARTIES

5.     Plaintiff Ainsley Stewart ("Stewart") resides in Brooklyn, New York.  He is an elected Vice President of Local 100.

6.     Defendant Local 100 is a labor organization that represents over 38,000 employees, the majority of whom are employed by the New York City Transit Authority ("Transit Authority").  Local 100 is also an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).  Its principal place of business is located at 80 West End Avenue, New York, New York.

## **FACTUAL ALLEGATIONS**

7. Local 100 is, and at all times hereinafter mentioned was, a labor organization engaged in representational activities in the New York metropolitan area. Local 100 employs a paid staff in excess of 100 employees.

8. At all times hereinafter mentioned, Local 100 has had revenues of not less than $500,000.

9. At all times hereinafter mentioned, the activities performed by Local 100, described above in Paragraphs 7 and 8, constituted an "enterprise engaged in commerce or in the production of goods for commerce" as defined in Sections 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

10. By reason of his election to the position of Vice President, Stewart is a full-time employee of Local 100. As a Vice President, Stewart's salary is set pursuant to Article XXI of the Local 100 Bylaws which states:

> The wage rates for officers and representatives in effect on August 1, 1978 shall remain in effect, except that the Executive Board shall have the authority to grant wage increases thereafter when the members in the largest collective bargaining unit represented by the Local receive increases under their contract. In no event shall such increase exceed, in terms of percentage, the increase paid to the members under said agreement.

His current salary is $88,468 per year.

11. The Bylaws of Local 100 constitute a contract between Local 100 and its members.

12. As an officer of Local 100 on leave from the Transit Authority, Stewart is entitled to the same level of vacation benefits from Local 100 that he would have received from the Transit Authority if he had remained an active employee. Pursuant to the collective bargaining agreement between Local 100 and the Transit Authority, Stewart is entitled to 25 vacation days per year as a Transit Authority employee, and therefore is entitled to 25 vacation days per year as an employee of Local 100.

13. From May 2004 to date, Local 100 has reduced Stewart's pay on a number of occasions, including but not limited to the following:

|   | Pay Period Ending | Due | Paid | Shortage |
|---|---|---|---|---|
| a | 12/15/2006 | $3402.63 | $1361.04 | $2041.59 |
| b | 12/01/2006 | $3402.63 | $3062.34 | $340.29 |
| c | 11/17/2006 | $3402.63 | $3062.37 | $340.26 |
| d | 11/03/2006 | $3402.63 | $3062.37 | $340.26 |
| e | 10/20/2006 | $3402.63 | $3062.37 | $340.26 |
| f | 10/06/2006 | $3402.63 | $3062.37 | $340.26 |
| g | 9/22/2006 | $3402.63 | $3062.37 | $340.26 |

| | | | | |
|---|---|---|---|---|
| h | 9/08/2006 | $3402.63 | $3062.37 | $340.26 |
| i | 8/25/2006 | $3402.63 | $2722.11 | $680.52 |
| j | 8/11/2006 | $3402.63 | $2722.11 | $680.52 |
| k | 7/28/2006 | $3402.63 | $3062.37 | $340.26 |
| l | 7/14/2006 | $3402.63 | $3062.37 | $340.26 |
| m | 6/30/2006 | $3402.63 | $3062.37 | $340.26 |
| n | 4/21/2006 | $3402.63 | $1020.79 | $2381.84 |
| o | 4/7/2006 | 3402.63 | 3062.37 | $340.26 |
| p | 2/10/06 | $3402.63 | $0.00 | $3402.63 |
| q | 1/27/06 | $3402.63 | $340.26 | $3062.37 |
| r | 1/13/06 | $3402.63 | $1701.32 | $1701.31 |
| s | 10/21/05 | $3402.63 | $3232.50 | $ 170.13 |
| t | 9/23/05 | $3402.63 | $2381.84 | $1020.79 |
| u | 8/26/05 | $3402.63 | $3147.18 | $ 255.45 |
| v | 7/29/05 | $3402.63 | $2722.10 | $ 680.53 |
| w | 6/3/05 | $3402.63 | $3062.37 | $ 340.26 |

|    |          |          |          |          |
|----|----------|----------|----------|----------|
| x  | 5/6/05   | $3402.63 | $2849.69 | $ 552.94 |
| y  | 4/22/05  | $3402.63 | $2722.11 | $ 680.52 |
| z  | 2/25/05  | $3402.63 | $3275.01 | $ 127.62 |
| aa | 1/14/05  | $3402.63 | $2722.10 | $ 680.53 |
| bb | 12/31/04 | $3303.52 | $2722.10 | $ 581.42 |
| cc | 12/17/04 | $3303.52 | $1992.02 | $1311.50 |
| dd | 10/8/04  | $3303.52 | $3138.34 | $ 165.18 |
| ee | 9/10/04  | $3303.52 | $2642.82 | $ 660.70 |
| ff | 8/27/04  | $3303.52 | $2312.46 | $ 991.06 |
| gg | 8/13/04  | $3303.52 | $1651.76 | $ 1651.76 |
| hh | 7/30/04  | $3303.52 | $2973.17 | $ 330.35 |
| ii | 5/21/04  | $3303.52 | $1651.76 | $1651.76 |

14. In the periods set forth in Paragraph 13 above, Stewart either worked eight or more hours each day or was on authorized sick, personal or vacation leave for each day that his pay was reduced.

15.     Local 100's reduction of Stewart's pay in the periods set forth above was purportedly based on the quantity and quality of Stewart's work.

16.     As an elected Vice President of Local 100, Stewart would normally qualify as an exempt employee under the FLSA, but because Local 100 has consistently docked Stewart's pay, allegedly based on the quantity and quality of his work, Stewart is no longer an exempt employee under the FLSA.

17.     Since January 2004, Stewart has on a regular and consistent basis worked in excess of 40 hours per week but has never been compensated for overtime.

## AS AND FOR A FIRST CAUSE OF ACTION
## PURSUANT TO THE FAIR LABOR STANDARDS ACT

18.     Local 100 failed to pay plaintiff the compensation to which he was entitled under the FLSA.

19.     Local 100 failed to pay numerous other persons who are similarly situated to plaintiff the compensation required under the FLSA.

20.     The services performed by plaintiff and persons similarly situated to plaintiff were essential to the functioning of Local 100 and thus, they were engaged in "commerce" as that term is defined in Section 203(b) of the FLSA, 29 U.S.C. § 203(b).

21.     By failing to compensate plaintiff for his work, defendant violated Section 6(a) of the FLSA, 29 U.S.C. § 206(a).

22.     Defendant's violations of the FLSA were willful.

### AS AND FOR A SECOND CAUSE OF ACTION
### PURSUANT TO THE FAIR LABOR STANDARDS ACT

23.     Local 100 failed to pay plaintiff overtime to which he was entitled under the FLSA.

24.     Local 100 failed to pay numerous other persons who are similarly situated to plaintiff overtime required under the FLSA.

25.     The services performed by plaintiff and persons similarly situated to plaintiff were essential to the functioning of Local 100 and thus, they were engaged in "commerce" as that term is defined in Section 203(b) of the FLSA, 29 U.S.C. § 203(b).

26.     By failing to pay overtime to plaintiff at the rate of one and a half times his regular rate of pay for work in excess of 40 hours per week, defendant violated Section 7(a) of the FLSA, 29 U.S.C. § 207(a).

27.     Defendant's violations of the FLSA were willful.

**AS AND FOR A THIRD CAUSE OF ACTION**
**PURSUANT TO THE NEW YORK STATE LABOR LAW**

28. Plaintiff repeats each and every allegation previously made herein.

29. Defendant has violated Labor Law § 190 et. seq. and the Wage Orders issued thereunder at 12 NYCRR 137-42 by:

> (a) failing to pay plaintiff for all of the hours he worked; and
>
> (b) failing to pay plaintiff at one and one half times his regular rate of pay for the time that he worked in excess of 40 hours per week.

30. Defendant's violations of the New York Labor Law and wage orders issued thereunder were willful.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**PURSUANT TO THE NEW YORK COMMON LAW**

31. Plaintiff repeats each and every allegation previously made herein.

32. Article XXI of the Local 100 Bylaws does not permit a reduction in the pay of a constitutional officer because of the quantity or quality of his work.

33. By failing to compensate plaintiff for his work at the constitutionally required rate, defendant violated the Local 100 Bylaws which constitutes a breach of contract.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that judgment be entered against defendant as follows:

1. For lost wages and overtime in an as yet undetermined amount, but in excess of $30,000;

2. For an award of liquidated damages;

3. For an award of reasonable attorney's fees;

4. For the costs and disbursement of this action; and

5. For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 2, 2008
New York, New York

                                LEWIS, CLIFTON & NIKOLAIDIS, P.C.

                                By: /s Louie Nikolaidis
                                Louie Nikolaidis (LN5979)
                                275 Seventh Avenue, Suite 2300
                                New York, NY 10001
                                (212) 419-1500
                                Attorneys for Plaintiff Ainsley Stewart